UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

GLENN LEONARD and BARRINGTON
HENDERSON,

                              Plaintiffs,

      vs.

UMG RECORDINGS, INC., STAR DIRECTION,
INTERNATIONAL CREATIVE MANAGEMENT INC.,
and OTIS WILLIAMS,

                              Defendants.

------------------------------------------------------------X

COMPLAINT FOR DECLARATORY JUDGMENT

Docket No. 07 Civ 9597
JUDGE KOELTL
MAGISTRATE JUDGE DOLINGER
Plaintiffs Demands Jury Trial

      Plaintiffs, GLENN LEONARD and BARRINGTON HENDERSON, by their attorneys Seiff Kretz & Abercrombie, as and for their complaint herein, allege:

Preliminary Statement

      1.    This is a suit for Declaratory Judgment on the claims of plaintiffs Glenn Leonard ("Leonard") and Barrington Henderson, ("Henderson") concerning the use of "The Legendary Lead Singers of the Temptations" to describe plaintiffs' entertainment services. Plaintiffs seek:

           a.    a declaration that such use is a non-infringing use of defendants' claims of ownership and/or superior right to use the name the "Temptations";

           b.    an adjudication that not all performing names including the word "Temptations" infringe the federally registered trademark of defendant UMG Recordings, Inc., or the license of Otis Williams; and

c.  injunctive relief and damages for interference with plaintiffs' prospective economic advantage.

## JURISDICTION AND VENUE

2. This court has original jurisdiction pursuant to Title 28, United States Code, Sections 1331 and 1338(a) respectively because the action arises under the Lanham Act §43(a) and the trademark laws of the United States (Title 15, United States Code, Section 101 et seq.) and pursuant to the Declaratory Judgment Act, Title 28, United States Code, Section 2201. Venue in this Judicial District is proper pursuant to Title 28, United States Code, Section 1391(b)(3), in that the defendant UMG Recordings, Inc., was subject to personal jurisdiction in this district and, upon information and belief, there is no district in which this action may otherwise be brought.

3. Plaintiff Glenn Leonard is a resident of the State of Texas.

4. Plaintiff Barrington Henderson is a resident of the State of Nevada.

5. Defendant UMG Recordings, Inc., ("UMG") is a foreign corporation upon information and belief licensed to do business in the State of New York, and is transacting and/or doing business in this district.

6. Defendant International Creative Management Inc., ("ICM") is a foreign corporation licensed to do business in the State of New York, and is transacting and/or doing business in this district.

7. Defendant, Star Direction, ("Star") is upon information and belief a partnership comprised of Shelly Berger and unknowns, a sole proprietorship and/or a California corporation having its principal place of business at 9200 Sunset Boulevard, Los Angeles, California 90069.

8. Defendant Star is upon information and belief a licensee of "The Temptations" trademark from defendant UMG.

9. Defendant Otis Williams ("Williams") is an individual who resides in the State of California, County of Los Angeles.

10. Defendant Williams is upon information and belief a licensee of "The Temptations" trademark from defendant UMG.

11. Plaintiffs Glenn Leonard and Barrington Henderson provide entertainment services as featured performers of The Legendary Lead Singers of the Temptations. Each once was a member and lead singer of The Temptations and featured on a number of "The Temptations" significant hits.

12. Plaintiffs Henderson and Leonard co-produce an entertainment group performing as The Legendary Lead Singers of the Temptations.

13. Defendant UMG is the owner of Federal Registration 087965 for the performing and recording name "The Temptations" and a licensor of the name to a variety of persons for a variety of uses.

14. Defendant Williams provides entertainment services as "The Temptations" and has been so engaged since on or before 1961 as UMG's licensee.

15. Defendant Star is Williams' manager and together co-produce an entertainment group performing as The Temptations as UMG's licensee.

16. Defendant ICM is Otis Williams Talent Agent and together with Williams co-produce an entertainment group performing as The Temptations as UMG's licensee.

17. Dennis Edwards is not a party to this action and provides entertainment services by advertising and promoting his historical association with The Temptations.

18. Dennis Edwards is a former recording and performing member of The Temptations and was a member of the same Temptations Group that featured Otis Williams and Glenn Leonard.

19. UMG has acquiesced in the use of the name, The Temptations Review Featuring Dennis Edwards, as a non-infringing use of its federally registered trademark "The Temptations".

20. UMG has licensed use of the name, The Temptations Review Featuring Dennis Edwards to Dennis Edwards, as a non-infringing use of its federally registered trademark "The Temptations".

21. Defendant Star Direction holds itself out as the exclusive agent/manager for the defendant Williams, including having the authority to enforce Williams alleged license for using "The Temptations" including the authority to send out cease and desist letters.

22. Defendant Williams is an original recording and performing member of "The Temptations".

23. Plaintiff Leonard was a recording and performing member of "The Temptations", partnership along with Williams and Dennis Edwards.

24. UMG has at different times claimed to be either the owner of "The Temptations" name or to have relinquished its rights in the name.

25. Williams has at different times claimed to be either the owner of "The Temptations" name or a licensee from defendant UMG.

26. The defendant UMG holds itself out as a licensor of the name "The Temptations" to defendant Williams.

27. Prior to the commencement of this action, the plaintiffs, Leonard and Henderson, have continuously provided entertainment service, throughout the United States as the "The Legendary Lead Singers of the Temptations".

28. Beginning on or before March, 2002, plaintiffs LEONARD and HENDERSON began advertising their entertainment services as, THE LEGENDARY LEAD SINGERS OF THE TEMPTATIONS on actual notice to defendant WILLIAMS and the other defendants and have used said name, openly, continuously and notoriously in interstate commerce since that time.

29. Beginning on or before March plaintiffs Leonard and Henderson began advertising their entertainment services as THE LEGENDARY LEAD SINGERS OF THE TEMPTATIONS, on actual notice to defendant UMG, and has used that name openly, continuously and notoriously in interstate commerce since that time.

30. Beginning on or before March, 2002, the plaintiffs began advertising their entertainment services as THE LEGENDARY LEAD SINGERS OF THE TEMPTATIONS on actual notice to defendant STAR DIRECTION and have used that name openly, continuously and notoriously in interstate commerce since that time.

31. Beginning on or before March, 2002, the plaintiffs began advertising their entertainment services as THE LEGENDARY LEAD SINGERS OF

THE TEMPTATIONS on actual notice to defendant ICM and has used that name openly, continuously and notoriously in interstate commerce since that time.

32. The defendant UMG had constructive notice of plaintiffs' use of THE LEGENDARY LEAD SINGERS OF THE TEMPTATIONS.

33. The defendant STAR had constructive notice of plaintiffs' use of THE LEGENDARY LEAD SINGERS OF THE TEMPTATIONS.

34. The defendant OTIS WILLIAMS had constructive notice of the use of THE LEGENDARY LEAD SINGERS OF THE TEMPTATIONS.

35. The defendant OTIS WILLIAMS had constructive notice of the use of THE LEGENDARY LEAD SINGERS OF THE TEMPTATIONS.

36. On or about October 27, 2004, and subsequent thereto, the defendant STAR, individually and on behalf of UMG and WILLIAMS threatened plaintiffs Leonard and Henderson with a lawsuit claiming that Williams is the owner of THE TEMPTATIONS name and that plaintiffs' customers were violating WILLIAMS' trademark and service mark rights and for diluting WILLIAMS ability to generate performance income.

37. On or about November 1, 2004 defendant WILLIAMS by his representative International Creative Management, Inc., threatened a purchaser of plaintiffs' entertainment services, with a lawsuit claiming that Williams is the only person who has the right to use THE TEMPTATIONS name, in any manner, shape or form.

38. Plaintiffs repeat and reiterate each and every allegation set forth at paragraphs 1 through 37 as though more fully set forth herein.

39. Plaintiff LEONARD was a member of the recording and performing group "The Temptations".

40. Plaintiff HENDERSON was a member of the recording and performing group "The Temptations".

41. Many of the hit songs of "The Temptations" featured the lead vocal performances of Glenn Leonard and Barrington Henderson, worldwide and throughout the United States.

42. Plaintiffs have booked themselves as THE LEGENDARY LEAD SINGERS OF THE TEMPTATIONS to perform at venues throughout the United States.

43. Commencing on or before October 27, 2004 the defendants Star Development, by Shelly Berger, on behalf of itself and defendant WILLIAMS have held WILLIAMS out to be the owner of THE TEMPTATIONS trademark and have threatened plaintiffs and the purchasers of plaintiffs' entertainment services, with a lawsuit under the Lanham Act for including in its advertisement and promotion the words "The Temptations", and have otherwise interfered with plaintiff's lawful use of a performing name that includes the word "Temptations" in a non-infringing manner.

44. The plaintiffs' use of THE LEGENDARY LEAD SINGERS OF THE TEMPTATIONS, to advertise and promote the entertainment services of Glen Leonard and Barrington Henderson, is an example of one non infringing use.

45. Defendant WILLIAMS does not own the trademark for THE TEMPTATIONS, name.

46. The acts of the defendants constitute unfair competition and tortious interference with Plaintiffs' contractual relations and future economic advantage.

47. As a consequence of the actions of the defendants, the plaintiffs have been damaged.

WHEREFORE, plaintiffs LEONARD and HENDERSON demand judgment as follows:

    a. Declaring valid plaintiffs GLENN LEONARD and BARRINGTON HENDERSON's use of the performing name "THE LEGENDARY LEAD SINGERS OF THE TEMPTATIONS as a non infringing use of "The Temptations" trademark.

    b. Declaring that plaintiffs GLEN LEONARD and BARRINGTON HENDERSON own common law rights to the trade name THE LEGENDARY LEAD SINGERS OF THE TEMPTATIONS.

    c. Declaring that Glenn Leonard and Barrington Henderson's right to use the name THE LEGENDARY LEAD SINGERS OF THE TEMPTATIONS are exclusive and that it is the right of these plaintiffs to continue their business without any further action, threat or interference of any kind or nature by the defendants UMG, STAR DIRECTION and OTIS WILLIAMS, or anyone acting in concert or participation with them.

    d. Declaring that there are other non infringing uses of THE TEMPTATIONS name to be used by LEONARD and HENDERSON to advertise and promote their entertainment services and their historical association as lead singers with THE TEMPTATIONS.

      e.    Enjoining the defendants UMG, WILLIAMS and STAR DIRECTION, or anyone acting in concert or participation with them, from challenging, threatening or otherwise interfering with plaintiffs' use of the trade name THE LEGENDARY LEAD SINGERS OF THE TEMPTATIONS, in commerce in the United States.

      f.    awarding plaintiffs compensatory damages in an amount to be determined;

      g.    awarding and granting plaintiffs recovery of their costs and reasonable attorneys fees.

Dated:    New York, New York
            October 26, 2007

                      SEIFF KRETZ & ABERCROMBIE
                      Attorneys for Plaintiff

                      By: _____
                      Walter A. Kretz, Jr., (WK-4645)
                      444 Madison Avenue
                      New York, New York 10022
                      (212) 371-4500